In re Arthur A. **CASLOWITZ**, Debtor.

**Bankruptcy No. 8100243.**

United States Bankruptcy Court, D. Rhode Island.

Sept. 24, 1981.

James V. Paolino, North Providence, R. I., for debtor.

Allen P. Rubine, Winograd, Shine & Zacks, P. C., Providence, R. I., for Rhode Island Hospital Trust Nat. Bank.

---

Richard M. Pierce, Roberts, Carroll, Feldstein & Tucker, Providence, R. I., for Ocean State Video Group, Ltd.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the Debtor's motion to withdraw his Chapter 7 bankruptcy petition. Two creditors, Rhode Island Hospital Trust National Bank and Ocean State Video Group, Ltd., object, on grounds which are still unclear to the Court.

██ The Debtor testified that since the filing of his petition, he has commenced negotiations with an Israeli company concerning distribution rights to certain video equipment, and that the continued pendency of this proceeding will probably injure his chances in the negotiations. Although this is presently a no-asset case, if he receives this contract the Debtor is hopeful of fully satisfying his creditors. The Debtor lists at least thirty general creditors in his schedules. Only two have objected to the withdrawal of his petition. Creditors, at this point, will receive nothing if the case is administered and Caslowitz is discharged from his debts.

The objecting creditors offer no evidence of "plain legal prejudice" which would result from the dismissal of this petition. *In re Blue*, 4 B.R. 580, 584, 6 BCD 418 (D.Me. 1980); *In re Jackson*, 7 B.R. 616 (E.D.Tenn. 1980). Dismissal will moot any question of nondischargeability of claims allegedly held by the objecting creditors, and they will retain any rights they presently have against the Debtor. Dismissal also restores all property rights to their pre-petition status. 11 U.S.C. § 349.

In this case there are motions pending by the two objecting creditors, seeking to adjudge the Debtor in contempt for failure to comply with an order of this Court. Said motions, independent of the bankruptcy proceeding, are based on the alleged failure of the Debtor to obey a court order, and survive the dismissal of this petition. *In re Lake Tahoe Land Co., Inc.*, Bankruptcy L.Rep. [CCH] ¶ 68,257 (Bkrtcy., D.Nev. 1981). *See also*, H.R.Rep.No.95–595, 95th Cong., 1st Sess. 445 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

██ The Debtor's petition is dismissed, with prejudice. Such disposition [with prejudice] is warranted due to the expense and delay imposed on creditors by the filing and subsequent withdrawal of the petition.