**In re Jorge & Caridad DAMIEN, Debtors.**

**Bankruptcy No. 82–02477–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Dec. 22, 1983.

Barbara Phillips, Miami, Fla., for debtors.

Robert Roth, Miami, Fla., Trustee.

Linda Conahan, Fort Lauderdale, Fla., for Glendale Federal.

## ORDER DENYING DEBTORS' MOTIONS

THOMAS C. BRITTON, Bankruptcy Judge.

This chapter 13 case was dismissed on November 3 under § 1307(c)(5), because the debtors were in hopeless default of their plan which had been confirmed on February 18. At the time of dismissal, they were $14,193 behind in the payments called for by their plan. The primary purpose of the plan was to cure defaults on two mortgages upon their home. The bankruptcy case had been pending since December 23, 1982.

■ The debtor's timely motion (C.P. No. 17) seeks reconsideration of the following provision of the Order of Dismissal:

"Dismissal is with prejudice to the filing of any other bankruptcy proceeding by these debtors earlier than one year after the date this order becomes final."

It is the debtors' contention that:

"The right to file bankruptcy is a constitutional right, guaranteed under the United States Constitution, Article I, Section 8, Clause 4."

The debtors refer to the following provision:

"The Congress shall have Power ... To establish ... uniform Laws on the subject of Bankruptcies throughout the United States."

There is no constitutionally protected right to file for bankruptcy. See *U.S. v. Kras,* 409 U.S. 434, 446–47, 93 S.Ct. 631, 638–639, 34 L.Ed.2d 626 (1973).

The debtors also argue that:

"The Court's Order ... in effect denies the debtors an absolute right to *convert* the Chapter 13 proceedings to proceedings under chapter 7, and thereby denies the debtors federally guaranteed rights of due process."

Section 1307(a) provides that:

"The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time."

These debtors have never requested conversion of this case. At the hearing held on November 28, upon their motion for reconsideration, they expressly denied through their counsel any desire to convert this case to chapter 7. The statutory right to convert a case expires when an order of dismissal becomes final. These debtors have never been deprived of their right to convert. They have simply elected not to exercise that right.

■ As I see it, the only serious question presented by the debtors' motion is whether the provisions of § 349(a) preclude dismissal of this case (or any bankruptcy case) with prejudice other than with respect to the subsequent discharge of debts that were dischargeable in the case dismissed:

"Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later

case under this title, of debts that were dischargeable in the case dismissed."

This statutory language replaces former Bankruptcy Rules 120(c) and 13–112(d), each of which provided that:

"Unless the order specifies to the contrary, dismissal of a case under this rule is without prejudice."

The debtors argue that this change was intended to deprive the court of discretion to prohibit the immediate refiling of a case dismissed involuntarily by the court. I disagree. The debtors read too much into the change. The express purpose of the change was to avoid the harsh result in cases like *In re Frey,* 95 F.Supp. 1007 (S.D.N.Y.1951), where a bankruptcy dismissal was presumed to be with prejudice to another petition seeking discharge of the same debts. The statutory change did not deprive the court of discretion to dismiss with prejudice. It merely narrowed the presumptive effect of a dismissal order.

■ By common law and by *Fed.R.Civ.P.* 41(b), involuntary dismissal (unless the court otherwise specifies) generally bars as res judicata any subsequent relitigation by the parties of the issues presented in the dismissed action. There are three exceptions: dismissal for lack of jurisdiction, for improper venue, or for failure to join a necessary party. *Costello v. United States,* 365 U.S. 265, 286, 81 S.Ct. 534, 545, 5 L.Ed.2d 551 (1961); Wright & Miller, *Federal Practice and Procedure:* Civil § 2373. It would be anomalous if a completely different rule were intended in bankruptcy.

■ Very few courts have had occasion to consider this question, but every court that has considered the question has concluded that the Bankruptcy Court has discretion to dismiss with prejudice to refiling. *In re Sando,* 30 B.R. 474, 476–77 (D.C., E.D.Pa.1983); *In re Caslowitz,* 14 B.R. 188, 189 (Bkrtcy.D.R.I.1981); and *Matter of Collins,* Case No. 82–867 (S.D.Fla.1982) (in which an order by this court like the instant one was affirmed.)

In this District, chapter 13 bankruptcies present a particularly compelling reason for dismissals with prejudice. Almost all these cases are filed on the eve of a home foreclosure sale. The automatic stay of § 362(a) cancels the foreclosure sale. It takes at least six weeks before a confirmation hearing can be held and that is the earliest realistic opportunity for dismissal or stay relief under § 362(d). The debtor's right to seek rehearing together with scheduling delays in the State court assure him of at least two more months delay. At that point, the debtor will typically have been in default on his home mortgage from one to two years, enjoying free housing at the mortgagee's expense. The debtor's only expense is a $60 filing fee and the fee for his attorney, if he has one.

Dismissal terminates the stay. § 362(c)(2)(B). It would be obviously inequitable to permit the dismissed litigant to file another petition the following day or the day before a rescheduled foreclosure sale and thus purchase at least another two months free housing for another $60 filing fee.

When a chapter 13 debtor defaults on a confirmed plan intended to cure the mortgage default (as was the case here), the mortgage has been even more seriously prejudiced and there is less reason to permit the debtor to reactivate the automatic stay by filing another petition.

I restrict the prejudicial effect of dismissal to 12 months because that gives the mortgagee a reasonable opportunity to complete his foreclosure and because a debtor's circumstances could reasonably change enough within a year to justify bankruptcy relief.

I preclude filings under chapters 7 and 11, as well as 13, because filings under the other chapters offer the same opportunity to delay foreclosure for the same time at only slightly greater risk and cost.

The decretal provision questioned here is not precluded by § 349(a) and is both necessary and appropriate to protect the rights and property of mortgagee creditors. It is, therefore, within this court's statutory discretion under § 105(a).

The debtors' motion for reconsideration is denied.