Vernon Char, Michael Yoshida, Honolulu, Hawaii, for plaintiff.

Steven Mau, Susan Tius, Honolulu, Hawaii, for debtor.

**In re Walter FILIPEK, Debtor.**

**Bankruptcy No. 83–00147.**

United States Bankruptcy Court, D. Hawaii.

Dec. 27, 1983.

**MEMORANDUM DECISION AND ORDER**

· JON J. CHINEN, Bankruptcy Judge.

On August 12, 1983, Nat Wolozin, Christel Wolozin, Julius Wolton, Mamie Wolton, James Benedetto, Agnes Benedetto, Harry Kahuakailani Brown, Jr., Robert Romer, Richard Beamish, Ronald Diggins and Curci-Turner Co., hereafter "Plaintiffs", filed their Motion For An Order Dismissing The Debtor's Chapter 11 Petition or In The Alternative, For An Order Converting The Proceeding To A Case Under Chapter 7. A hearing was held on the motion, at which time Peter Herman, Michael Yoshida and Vernon Char represented Plaintiffs and

Steve Mau and Susan Tius represented Walter Filipek, hereafter "Debtor". Following the hearing, the parties agreed to file additional memoranda. The Debtor's memorandum was to be filed by November 1, 1983 and Plaintiffs' memorandum was to be filed by November 8, 1983.

Based on the memoranda and records in the files and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Debtor filed his Voluntary Petition Under Chapter 11 on March 23, 1983. On May 16, 1983, the Court granted Debtor an extension of time for filing his schedules and statement of affairs up to and including June 1, 1983. On June 3, 1983 Debtor filed his schedules and statements covering only his assets and liabilities in the United States.

On April 19, 1983, the Plaintiffs filed a complaint to lift the automatic stay. Following several days of hearings, on September 30, 1983, this Court issued its Findings of Fact and Conclusions of Law, whereby the Court found that there was no equity in the property herein concerned, that Debtor has not shown that the property could be used as part of an effective reorganization and that Debtor has failed to provide adequate protection to Plaintiffs. The Court thereby lifted the automatic stay, but provided that the effective date of the order was delayed for 45 days from September 30, 1983 to grant Debtor time to assume one or two of the agreements of sale covering the subject property.

On August 12, 1983, Plaintiffs filed their motion which is the subject of this Memorandum Decision.

On September 21, 1983, Debtor filed his Plan of Reorganization.

On November 14, 1983, Debtor filed his Motion For An Order Approving Assumption of Agreement of Sale.

On November 16, 1983, Debtor filed his First Amended Plan of Reorganization, along with the Disclosure Statement. The hearing on the Disclosure Statement was scheduled for January 26, 1984.

On November 29, 1983, Debtor filed a Withdrawal of Motion For An Order Approving Assumption of Agreements of Sale. Debtor also filed a Cancellation of the Hearing on the Disclosure Statement.

Thereafter, on December 12, 1983, the Court issued its Order Lifting Stay.

Moreover, it should be noted that, since the filing of his Expenses Paid On Behalf of Debtor and Revenues (for the period March 23, 1983 to September 21, 1983) on September 23, 1983, Debtor has not filed any reports on his income and disbursement.

### CONCLUSIONS OF LAW

Rule 11–30 of the Rules of Bankruptcy Procedure provides in pertinent part that:

> [A] written report of the financial condition of the estate shall be made by the trustee, receiver, or debtor in possession within a month after the filing of a petition commencing a Chapter XI case and every month thereafter, and shall include a statement of the operation of the business of the proceeding month and, if payments are made to employees, the amounts of deductions for withholding and social security taxes and the place where such amounts are deposited.

This Rule, although governing procedure under the since amended Bankruptcy Act, is applicable in this case. The Bankruptcy Code comment to Rule 11–30 provides that:

> This rule prescribes the information to be contained in the operation reports of trustees or debtors in possession, and the frequency of such reports, in cases under Chapter 11, and in cases under Chapter 13 which involve a debtor engaged in business.

The Debtor filed on September 23, 1982 his Expenses Paid On Behalf of Debtor and Revenues, covering the period from March 23, 1983 to September 21, 1983, only after the Plaintiffs had complained of no monthly reports being filed. Since September 23, 1983, Debtor has failed to comply with Rule 11–30 of the Bankruptcy Rules.

The Debtor's Schedules and Statement of Affairs disclose only assets located in the United States. Debtor has failed to list his assets in Canada, and thus has not complied with the provisions of 11 U.S.C. § 541(a).

Section 541(a) in pertinent part provides:

The commencement of a case under 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) ... all legal or equitable interests of the debtor in property as of the commencement of the case. (Emphasis added).

In the leading bankruptcy treatise, it is stated "the estate is comprised of all legal or equitable interests of the debtor in property, *wherever located,* as of the date the case is commenced." 4 Collier On Bankruptcy ¶ 541.01, at 541–5 [15th ed. 1983]. (Emphasis added).

Section 70(a) of the Bankruptcy Act was the predecessor to 11 U.S.C. Sec. 541. In 1952 Section 70(a) was amended by the addition of the phrase "wherever located". The changes were explained as follows in House Report No. 2320, 82d Cong., 2d Sess. (1952) 15, U.S.Code Cong. & Admin.News 1952, pp. 1960, 1976:

"Section 23 amends section 70a to make clear that a trustee in bankruptcy is vested with the title of the bankrupt in property which is located without, as well as within, the United States. See Nadelman, The National Bankruptcy Act and the Conflict of Laws, 59 Harvard Law Review 1025 (1946). The words 'wherever located' have therefore been added at appropriate places. In addition, for ease of reference, the several sentences of section 70a(1) [sic] have been made into separate paragraphs."

Although the Court has several times indicated to Debtor that the Bankruptcy Code requires that he list all of his assets, including those in Canada, he has failed to do so.

Section 521 of the Bankruptcy Code further provides that a Debtor shall file a schedule of assets. The list must be complete and the intentional and fraudulent omission of property from the schedules amounts to a criminal offense. 3 *Collier On Bankruptcy* ¶ 521.06[3], at 521–22–23 (15th ed. 1983).

A person seeking protection of the United States Bankruptcy Court must comply with the United States Bankruptcy Code and the Rules of the Bankruptcy Court.

In addition in its Findings of Fact and Conclusions of Law filed on September 30, 1983, in ordering the lifting of the automatic stay, this Court held that there was no equity in the subject property, no adequate protection was provided to protect Plaintiffs' interest in said property and that Debtor is not able to effectuate an effective plan of reorganization.

Having found that there is no equity in the property, no adequate protection of Plaintiffs' interest in said property, no effective plan of reorganization being filed by Debtor, and because there has been a failure to comply with the terms of the Bankruptcy Code and the Rules of the Bankruptcy Court, the Court hereby dismisses this case.