In re **NATIONAL SAFE CENTER, INC.**,
dba Commercial Security Products, and
dba Safe Center Hawaii, Debtor.

**Bankruptcy No. 83–00405.**

United States Bankruptcy Court,
D. Hawaii.

June 14, 1984.

Herbert Leider, Honolulu, Hawaii, for debtor.

Michael Chun, Honolulu, Hawaii, for U.S. Customs.

Randall K. Steverson, Honolulu, Hawaii, for Bank of Hawaii (creditor).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

National Safe Center, Inc., dba Commercial Security Products, and Safe Center Hawaii, hereafter "Debtor", filed a Motion to Compel Custodian to Turn Over Property of the Estate. A hearing was held on May 14, 1984, at which time Herbert Leider, Esq., represented Debtor, Michael Chun, Esq., represented the United States Customs Service, hereafter "Customs Service", and Randall Steverson, Esq., represented the Bank of Hawaii, a secured creditor.

Following the hearing, the Court requested additional memoranda, to be submitted by May 24, 1984. Based upon the records and files herein, the memoranda filed and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

On August 18, 1983, Debtor filed herein its petition for relief under Chapter 11 of the Bankruptcy Code.

On August 19, 1983, shortly prior to the auction scheduled for that day, Customs Service filed a motion to determine that certain property of Debtor in the custody

of Customs Service may be sold, under authority of 19 U.S.C. 1491.

On August 23, 1984, the Honorable Martin Pence, United States District Judge, denied the motion of Customs Service, stating that "the bankruptcy estate has an interest in the property of the debtor now in the custody of the United States Customs Service." The Court further stated that under 19 U.S.C. 1491, "while custody of 'merchandise' may rest in the Customs Service, title thereto does not change at any time prior to sale...."

On March 15, 1984, Debtor filed its Motion to Compel Custodian to Turn Over Property of the Estate.

Customs Service has opposed the motion on the basis that Debtor has:

1. failed to file the proper documentation

2. failed to post the proper entry bond or to deposit estimated duties on the imported merchandise.

3. failed, on these goods placed on "general order" status for not being timely entered, to pay for certain transportation, storage and other charges incurred with respect thereto.

Customs Service has further contended that, since proper documentation had not been completed and charges had not been paid, the property held by Customs Service had not entered into the stream of Commerce, and technically was not in the United States.

Debtor contends that all of Debtor's property, wherever located, is part of the Debtor's estate and should be turned over to Debtor to enable Debtor to effectively reorganize itself. Debtor further contends that the property in the custody of Customs Service is worth $100,000.00 if sold at retail and that the amount owing to Customs Service is approximately $20,000.00.

Bank of Hawaii contends that it has a security over all of the property held by Customs Service claimed by Debtor and that, when such property is sold by Debtor, the proceeds should be held by Debtor subject to further orders of the Court.

## CONCLUSIONS OF LAW

11 U.S.C. Sec. 541(a)(1) provides:

The commencement of a case ... creates an estate.... Such estate is comprised of all the following property, wherever located ... all legal or equitable interests of the debtor in property as of the commencement of the case ...

In *In Re Filipek*, 35 B.R. 339 (Bankr.D. Hi.1983), this Court held that Debtor's estate is comprised of all property wherever located, not only property within the United States, but also without.

■ Since the United States District Court has previously determined that Debtor's estate has an interest in the property in the custody of Customs Service, such property is part of Debtor's estate, whether such property is in the stream of commerce or otherwise.

The main issue is then whether the Court should direct Customs Service to turn over to Debtor property which had been seized by Customs Service prior to Debtor's bankruptcy filing for failure of Debtor to post the necessary bond or to pay the duties and other charges.

The recent Supreme Court case of *United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983), is controlling. In *Whiting Pools*, the Internal Revenue Service, hereafter "IRS", acting according to law had seized all of Whiting Pools' tangible property prior to the bankruptcy filing. Whiting Pools immediately filed a Chapter 11 petition to halt a tax sale, and the IRS moved for relief from the automatic stay to continue with the sale. Whiting Pools counterclaimed that the IRS should be required to turnover the seized property pursuant to 11 U.S.C. § 542(a).

The steps followed by the Supreme Court in *Whiting Pools* are relevant here. First, the Court considered the meaning of "property of the estate" under § 541(a)(1), finding that consistent with the goal of encouraging reorganization, the range of property included in the estate is broad and includes

property in which the Debtor did not have a *possessory* interest at the time of filing. *Id.* 103 S.Ct. at 2313.

The Supreme Court then considered the scope of the turnover provisions in § 542(a) and found that it required the turnover to debtor of property which debtor can use, sell, or lease pursuant to § 362 even when such property has been seized by a creditor prepetition. Id. at 2314-5.

The Court further stated:

We see no reason why a different result should obtain when the IRS is the creditor. The Service is bound by § 542(a) to the same extent as any other secured creditor. The Bankruptcy Code expressly states that the term "entity," used in § 542(a), includes a governmental unit. § 101(14).

The Supreme Court further reasoned that the IRS's seizure of the debtor's property did not transfer ownership of the property but merely gave the IRS a possessory interest in addition to its secured status pursuant to the tax levy. *Id.* at 2316.

Ownership of the property is transferred only when the property is sold to a bona fide purchaser at a tax sale. (references omitted.) Until such a sale takes place, the property remains the debtor's and thus is subject to the turnover requirement of § 542(a). *Id.* at 2317.

The facts herein are similar to those of *Whiting Pools.* The Debtor's property herein was seized by an entity of the United States government for nonpayment of duties and other charges. The government entity sought herein to sell Debtor's property at auction for nonpayment of the charges. The government entity argued herein that the seized property was subject to the statutory right to sell the property for delinquent duties and other charges.

In the instant case, however, United States District Court Judge Martin Pence has already held that the ownership interest of the property remained with Debtor until the property was sold. Thus at the time of filing, Debtor herein retained an ownership interest in the seized property and the Customs Service held only a possessory interest. Pursuant to the Supreme Court's ruling in *Whiting Pools,* Customs Service is compelled to turnover the seized property to Debtor, provided that Customs Service's interest in such property is adequately protected.

Debtor herein claims, without protest from Customs Service or the Bank of Hawaii, that the retail sale value of the seized property far exceeds the price which would be received at a Customs Service auction. Sale at auction would be detrimental to Debtor and Bank of Hawaii and is not even guaranteed to adequately protect Customs Service.

◼ Based on the foregoing, this Court holds that pursuant to § 542(a) and *Whiting Pools, supra,* Debtor's property now held by Customs Service must be turned over to Debtor since this property constitutes property of the estate necessary to Debtor's reorganization. However, both Customs Service and the Bank of Hawaii are creditors holding a secured interest in said property deserving of adequate protection. For this reason, the Court directs that Customs Service forthwith turn over one-half (½) of the seized property to Debtor on the following conditions:

1. Prior to taking possession of one-half (½) of the property held by Customs Service, Debtor will notify Bank of Hawaii and allow the Bank an opportunity to inventory the property to be turned over.

2. Upon receipt and subsequent retail sale of the released property, Debtor will first pay Customs Service the total duties and charges due.

3. Upon full payment of the duties and charges due, the Customs Service will release to Debtor the remaining property in its custody. Bank of Hawaii will be given an opportunity to inventory the property to be turned over.

4. The remainder of the proceeds from the sale of the property turned over to Debtor will be held by Debtor until further order of this Court.

An Order will be signed upon presentment.