**In re Don J. BAUMGARTNER, Debtor.**

**Bankruptcy No. 85–00435.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 16, 1986.

See also 57 B.R. 517.

Michael N. Vaporis, Toledo, Ohio, for debtor.

Suzanne Mandross, Toledo, Ohio, for Barbara Baumgartner.

John M. Carey, Toledo, Ohio, for Unsecured Creditors Committee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion To Dismiss and the Motion for Relief From Stay filed by Barbara Baumgartner, the Court's Order to Show Cause On Dismissal or Conversion, and the Hearing on the Debtor-In-Possession's Disclosure Statement. With the exception of the Disclosure Statement, the Court conducted a Hearing on all of these matters. At the Hearing, the Court heard the evidence offered by the parties and the arguments made by counsel. The Court has reviewed the Motions, the evidence, and the arguments, as well as the entire record in this case. Based upon that review and in light of the disposition to be reached, the Court finds that it will be unnecessary to rule upon the Motion For Relief From Stay. Furthermore, for the following reasons the Court finds that the Debtor-In-Possession has failed to show cause why this case should not be dismissed, and that the Motion To Dismiss should be GRANTED.

## FACTS

The facts, as are relevant to the disposition of the matters presently before the Court, have been admitted by the Debtor-In-Possession in either the schedules filed with this Court or in his testimony. Accordingly, such facts are not considered subject to dispute.

The Debtor-In-Possession filed his individual voluntary Chapter 11 Petition with this Court on March 26, 1985. On April 2, 1985, this Court issued an Order which required the Debtor-In-Possession to file monthly reports with the Court and with the Estate Administrator. These reports were to be filed on or before the fifteen day of the month following the month being reported, commencing with the month following the filing of the Petition. The Order also requires that these reports substantially comply with the guidelines that have been established for such reports. The guidelines were provided to the Debtor-In-Possession at the first meeting of creditors and set forth the following information which must be included in a report:

1. A reflection of the operation of the debtor-in-possession's business over the preceding month. Included should be a disclosure of profits and losses, along with a separate listing of all gross sales, net profits, returns, allowances, deposits, withdrawals, expenses and all disbursements.

2. If the debtor-in-possession's business includes real estate rentals, a monthly profit and loss statement as to the real estate, along with a listing of units available, current occupants, the rental rates of each unit, arrearages, and any major anticipated expenses relating to the property.

3. A listing of any post petition accounts payable, specifically noting those which are not being paid according to their terms. The list will include the name of the entity to whom the account is owed, reasons the expense/debt was incurred, and how much is owed. This disclosure should also include a separate aging of the accounts.

4. A listing of all accounts receivable, specifically stating from whom the account is owed, the reason it is owed and balance. This disclosure should also include a separate aging of the accounts.

5. Disclosure of all monies in the segregated tax accounts, along with a listing of each category of tax liability incurred during the month and the amount deposited toward each category of obligation.

6. A listing of all payments made to or on behalf of all employees, including, but not limited to withholding for taxes, retirement, pensions, health insurance, life insurance and garnishments.

7. A categorization and listing of all inventory, along with a statement of inventory sold or used during the month, and/or new inventory acquired.

8. A statement of any other assets of the estate which were sold during the month, the amount derived from the sale, and the manner in which the proceeds were handled.

A review of the record finds that during the year 1985, the Debtor-In-Possession filed the August report on September 27, 1985, the September report on December 30, 1985, the October report on November 18, 1985, and the November report on December 17, 1985. Although the Debtor-In-Possession filed on December 30, 1985, a Supplemental Financial Report, this report only elaborates on the Debtor-In-Possession's related entities and does not directly augment the information in his personal reports. A further review of the reports finds that they include a listing of the Debtor-In-Possession's gross income and gross expenses for any given month. The only other information found in the reports is an itemization of the Debtor-In-Possession's expenses during the month.

A review of the Debtor-In-Possession's schedules and the Supplemental Financial

Report finds that the Debtor-In-Possession is the whole or partial owner or partner in a variety of interlocking corporations and partnerships. The distinction between the property and obligations of these related entities and those of the Debtor-In-Possession are not made entirely clear in the record. During the pendency of this case, this Court has sought a clarification as to the relationships between these entities. As of the date of this Order, the Debtor-In-Possession has not explained, to the complete satisfaction of this Court, the details of his estate, the nature of his involvement with these other entities, or those assets owned by these entities which may be properly the subject of this Chapter 11. Any such information, when provided, has been tendered only after the Court has drawn such information from the Debtor-In-Possession.

In proceedings which were related to the prosecution of this Chapter 11 case, the Debtor-In-Possession offered testimony which indicated that he had an investment margin account with Prudential Bache Securities. However, he also indicated that the account belonged to, and was in the name of, one of his related corporations. At some time subsequent to that disclosure, the Debtor-In-Possession revealed the fact that a second account existed, but that it was also in the name of a related corporation. At the Hearing conducted by this Court in the matters presently before it, the Debtor-In-Possession apprised the Court that there are, in fact, three such accounts, two of which are in the name of corporations and one in his own name. He further indicated that this third account was owned in his individual capacity and had an approximate value of Forty-five Thousand and no/100 Dollars ($45,000.00). A review of the Debtor-In-Possession's B–2 schedule finds that this individual account is not reflected as an asset of the estate. The only place where the account appears is on the A–2 schedules, whereon it is listed as a secured obligation. The A–2 schedule indicates that the account has an approximate value of Four Hundred Fifty-five Thousand Two Hundred Forty-six and

no/100 Dollars ($455,246.00), and that it secures a claim of approximately Three Hundred Fifty-eight Thousand Six Hundred Forty and no/100 Dollars ($358,640.00). It also appears that the account may be subject to a second mortgage in favor of the Mid-American Bank & Trust Co. This account and any activity therein are not reflected in the Debtor-In-Possession's monthly reports. The Debtor-In-Possession and his counsel admitted at the Hearing that this account should have appeared in the reports. It is not clear whether or not there is presently any equity in the account.

## LAW

The provisions of 11 U.S.C. Section 1112 state in pertinent part:

(b) ... on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors of the estate, for cause ...

Under this section, the Court, upon notice and hearing, may dismiss a Chapter 11 Petition for cause. The determination as to whether cause has been shown must be determined on a case-by-case basis and is a decision which rests within the discretion of the Court. *In re Economy Cab & Tool Co., Inc.*, 44 B.R. 721 (Bkcy.D.Minn.1984), *In re Mid-Valley Aggregates, Inc.*, 49 B.R. 498 (Bkcy.D.N.D.1985).

It is well established that good faith is an implied prerequisite to the filing and prosecution of a petition under Chapter 11. *See, Matter of Winn*, 43 B.R. 25 (Bkcy.M.D.Fla.1984). Included in the exercise of good faith is the requirement that the Debtor-In-Possession disclose all assets and that the Orders of the Court be followed to the best of the Debtor-In-Possession's ability. Although it has been held that the failure to substantially comply with the Court's guidelines in preparing the monthly reports does not, in and of itself, constitute cause for dismissal, *Matter of Denrose Di-*

**516**

*amond,* 49 B.R. 754 (Bkcy.S.D.N.Y.1985), where a debtor fails to comply with such reporting requirements and fails to list assets of the estate, a dismissal of the case is proper. *See, In re Filipek,* 35 B.R. 339 (Bkcy.D.Hawaii 1983).

In the present case, a review of the monthly reports finds that they do not substantially comply with the guidelines provided at the first meeting of creditors. It also finds that they do not address themselves to matters contained in the Court's April 2, 1985, Order. Specifically, but not limited to the following deficiencies, the reports fail to itemize the sources and amounts of income, fail to reflect any activity in the Debtor-In-Possession's accounts, do not demonstrate any segregation of tax withholdings, provide no listing of current assets and liabilities incurred during the reporting period, and make no reference to the activity in the investment margin account. The last of these omissions is of great concern to the Court in light of the fact that the Debtor-In-Possession's schedules do not clearly list the account as an asset. As presently listed, it would be difficult for an average person to discern that the account existed and that it has some value to the estate, despite any liens against it. The provisions of 11 U.S.C. Section 541 clearly provide that the account is part of the estate. In view of the fact that the Debtor-In-Possession has ready access to the account, it is imperative that the Debtor-In-Possession be made accountable, on an ongoing basis, for any and all activity in the account. This is made especially true in light of the fact both the Debtor-In-Possession and his counsel admitted that the account should appear in the monthly reports. Furthermore, the Order of the Court required the Debtor-In-Possession to close all prior existing accounts and to open new accounts in the name of the Debtor-In-Possession. Without any reflection of this account on the monthly reports, this Court cannot be certain that its Orders have been followed or that the assets of the account are being used for the benefit of creditors.

In addition, the provisions of 11 U.S.C. Section 521 clearly provide that a Debtor-In-Possession is to file with the Court a listing of all assets. During the pendency of this case the Court has repeatedly admonished the Debtor-In-Possession to clarify the relationships between himself and his related entities. Despite the appointment of an examiner in this case, the information requested by the Court has been difficult to derive. It was only recently that the Debtor-In-Possession made any meaningful attempt to do so. A review of even the supplemental report does not make clear the details of the relationships between all the Debtor-In-Possession's corporations and partnerships. At the Hearing, the Debtor-In-Possession offered to present testimony in the future by his accountant to explain the Supplemental Financial Report. It seems to this Court that such an explanation is unneeded, as the reports filed by a Debtor-In-Possession should be self-explanatory and complete in the presentation of information. A monthly report is to apprise the Court and creditors of the on-going operation of the business and relationships of all parties, and should be able to be read and understood without requiring an additional oral explanation from an accountant.

■ This Court should not be required to take any measures to insure that the Debtor-In-Possession has complied with the minimum disclosure requirements of the Bankruptcy Code. Furthermore, the Court cannot and will not countenance any nonfeasance in the performance of that obligation. The Debtor-In-Possession has sought the protection of this Court. In return for that protection, both law and equity require that the Debtor-In-Possession voluntarily and willingly disclose, in minute detail, his financial affairs. The failure to freely fulfill that obligation directly affects the perception that the case was filed in good faith. As previously indicated, the absence of good faith constitutes cause for dismissal of a Chapter 11 Petition.

■ Therefore, in view of the Debtor-In-Possession's failure to adequately disclose

a valuable asset in his schedule of assets, his failure to substantially comply with the monthly reporting requirements, and the failure to disclose the details of his related entities despite repeated requests to do so, it must be concluded that the Chapter 11 case of the Debtor-In-Possession should be dismissed for failure to follow the Orders of the Court. It must also be concluded that the noncompliance with the Court's Orders demonstrates an absence of good faith in the filing of this Petition and constitutes a cause for dismissal pursuant to the provisions of 11 U.S.C. Section 1112. It should be noted that the Court's findings should be read in a fashion which would address the continued failure of the Debtor-In-Possession to provide the Court with the minimum amount of information required for the prosecution of a case under Chapter 11.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion To Dismiss be, and is hereby, GRANTED.

It is FURTHER ORDERED that this Case be, and is hereby, DISMISSED for failure to follow the Orders of this Court.