William Roger GRIBBINS and Loreda Gribbins, Appellants,

v.

FARM CREDIT SERVICES OF MID–AMERICA, ACA, Appellee.

No. 00–6214.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2002.

Before MARTIN, Chief Circuit Judge; SILER and CLAY, Circuit Judges.

PER CURIAM.

Appellants William and Loreda Gribbins (the "Debtors") appeal the district court's affirmation of a decision by the bankruptcy court to dismiss their petition in bankruptcy. For the reasons given below, we AFFIRM.

I.

The Debtors filed a petition for Chapter 12 bankruptcy (bankruptcy of a family farm) on in 1987. Their first and second plans for reorganization were denied, and the bankruptcy court dismissed their bankruptcy action. The Debtors appealed the dismissal to the district court and then to this court. While their appeal in this court was pending, they negotiated a settlement with their three major creditors, Farm Credit,[1] Farmers National Bank of Lebanon ("Farmers"), and Peoples Bank ("Peoples"). On April 18, 1990, the parties filed a proposed Agreed Order with this court that would dismiss the Debtors' appeal and reinstate their bankruptcy. Pursuant to the order, the Debtors agreed to file a third reorganization plan according to which they would pay a claim of $138,432.00 to Farm Credit over thirty years, secured by real estate that Roger Gribbins inherited from his mother, and claims of $50,125 amortized over ten years and $45,600 amortized over seven years to Farmers, secured by cattle and machinery. The parties further agreed to treat Farmers as having an unsecured claim of $3,480, and provided that Farmers "shall receive pro rata distributions made to unsecured creditors under the terms of the [third] amended plan." Finally, the Debtors agreed to file monthly operating reports and an annual financial statement. The Debtors paid Peoples Roger Gribbins' distribution from his mother's estate and noted in the proposed agreed order that Peoples' claim had been paid in full.

This court approved the order and remanded the case back to the bankruptcy court. The Debtors filed a third reorganization plan as promised, along with a "Liquidation Analysis" and a "Summary of Operations." The plan does not mention or provide for payment of any unsecured claims against the Debtors (other than to dispute one creditor's contention that his claim against them was secured rather than unsecured). However, the Summary of Operations filed with the plan projects an annual amount of $51,944 of "disposable income available to pay unsecured claims." On November 8, 1990, the parties filed a second Agreed Order which noted that Farm Credit also was deemed to have an unsecured claim and would "share pro rata in any dividends to be paid to unsecured claimants under the plan."

No one objected to the plan. In a January 28, 1991 order, the bankruptcy court

---

1. Known at that time as the "Federal Land Bank."

noted that it had considered the plan, the Liquidation Analysis, and the November 1990 Order, and adopted the plan, ordering that "all payments be made to the standing trustee" and that "Payments received by the standing trustee shall be applied in accordance with the provisions of the Plan."

In accordance with the plan, the Debtors paid Farmers' secured claim in full, and paid $130,000 toward Farm Credit's secured claim over the following seven and a half years. However, they did not make any payments of disposable income to the trustee during this time for distribution to their unsecured creditors; nor did they comply with the reporting requirements in the April 1990 Order. This led the trustee to file a motion on June 15, 1998, to dismiss the Debtors' bankruptcy case. No one opposed it, and the court granted it. A little over a year later, on July 15, 1999, the Debtors filed a motion to reopen the case and set aside the dismissal of their bankruptcy. This motion apparently was motivated by Farm Credit's reinstatement of two state court foreclosure actions against them.

The bankruptcy court refused to reconsider its order dismissing the Debtors' bankruptcy. The court reasoned that the Debtors had not complied with their reporting obligations or with an obligation to make distributions of their disposable income available to unsecured creditors implied by the terms of the plan, the Summary of Operations, and the April and November 1990 agreed orders. As such, the court held, dismissal of their case was appropriate. The district court affirmed.

The Debtors now appeal the issue to this court.

## II.

"This court directly reviews the bankruptcy court's decision, not the district court's review of the bankruptcy court's decision." *In re Trident Assoc. Ltd. Partnership v. Metropolitan Life Ins. Co.*, 52 F.3d 127, 130 (6th Cir.1995). This court reviews the bankruptcy court's decision to dismiss a debtor's bankruptcy case for abuse of discretion. *See In re Zick*, 931 F.2d 1124, 1126 (6th Cir.1991).

The bankruptcy court upheld dismissal of the Debtors' bankruptcy case on two grounds. First, it found that the Debtors had an implied obligation under the plan to make payments of their disposable income to the bankruptcy trustee for distribution to their unsecured creditors, and had not done so; and second, it found that they had not complied with an obligation to provide monthly operating reports and annual financial statements to the court.[2]

The court's second rationale—the Debtors' total failure to file required reports and operating statements—was a sufficient reason for dismissing their bankruptcy case. A bankruptcy court may dismiss a debtor's Chapter 12 bankruptcy case for cause. *See* 11 U.S.C. § 1208(c). A debtor's failure to make required financial disclosures, or otherwise to comply with orders of the court, may constitute valid cause for dismissal. *See In re Baumgartner*, 57 B.R. 513, 515–16 (N.D.Ohio 1986); *see also In re McClure*, 69 B.R. 282, 289–90 (N.D.Ind.1987). In particular, neither "[t]he Court nor the creditors should have to ... coerce or implore the Debtor as a

---

**2.** The court also held that dismissal was merited because the Debtors had not completed their reorganization plan within five years, as required by 11 U.S.C. § 1222(c). However, this holding necessarily was premised on the court's conclusion that the plan obligated the Debtors to make payments to their unsecured creditors—secured debts are exempt from the five-year rule. *See id.* at §§ 1222(b)(9), (c). Thus we do not treat it here as an independent ground for the court's decision.

864

fiduciary into filing timely, accurate and complete monthly operating statements while at the same time the Debtor is asking for the pervasive protection afforded by the Bankruptcy Code." *In re McClure,* 69 B.R. at 290. Here, after considering the Debtors' complete failure to file any of the required financial statements or monthly operating reports during the seven and a half years of their bankruptcy, and their inability to provide any meaningful justification for their failure to do so, we cannot say that the court abused its discretion in dismissing their bankruptcy case for cause and denying their subsequent motion to set aside the dismissal.

Because we reach this conclusion on the second ground for dismissal, we need not decide whether the first ground for dismissal was erroneous.

AFFIRMED.