**In the Matter of SOUTHERN COMMUNITIES, INC., Debtor(s).**

**Bankruptcy No. 85–3379.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 24, 1986.

216

David J. Fischer, Cassiday, Schade & Gloor, Chicago, Ill., for debtor.

Sara R. Howard, c/o Cassiday, Schage & Gloor, Chicago, Ill., for Sole Shareholder and President.

Thomas B. Mimms, Jr., MacFarlane, Ferguson, Allison & Kelly, Tampa, Fla., for First Florida Bank, N.A.

Jeffrey W. Warren, Bush, Ross, Gardner, Warren & Rudy, Tampa, Fla., for Barnett Bank of Manatee County, N.A. and Equity Star, Ltd.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS another instance, recurring with more and more frequency in this District, which involves a challenge of the right of a Debtor to maintain a Chapter 11 case. This challenge, usually interposed by a secured creditor who is frustrated by the automatic stay imposed by § 362 of the Bankruptcy Code, is based on the contention that the petition was filed in "bad faith", therefore, it is appropriate to dismiss the case for "cause" pursuant to § 1112(b) of the Bankruptcy Code. The motion under consideration is filed by Barnett Bank of Manatee County N.A. (Barnett), Equity Star Ltd. (Equity), and First Florida Bank N.A. (First Florida).

The facts germane to the resolution of the matter under consideration, as appear from the record of this case and as appear from previous Chapter 11 cases of which this Court takes judicial notice, are as follows:

On January 28, 1982 an entity known as Cortez Plaza Apartments, Inc. (Cortez Plaza), filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. The sole asset of Cortez Plaza was an apartment house complex located in Manatee County, Florida. Its attempt to achieve confirmation of its Plan of Reorganization failed and on May 25, 1983 this Court entered an order which sustained an objection to confirmation; granted a motion to dismiss the case; and dismissed the Chapter 11 case, concluding that Cortez Plaza did not propose its Plan in good faith, therefore, its Plan of Reorganization did not meet the standard for confirmation required by § 1129(a)(3) of the Bankruptcy Code.

It further appears that on March 29, 1985 Cortez Plaza filed its second Petition for Relief under Chapter 11. The Petition was, no doubt, filed for the primary, if not sole, purpose of obtaining the protection

offered by the automatic stay imposed by § 362 of the Bankruptcy Code. This conclusion is inescapable for the simple reason that at the time this second Petition was filed, there was already a foreclosure pending in the Circuit Court in and for Manatee County, instituted by holders of several secured claims who sought to foreclose their respective liens encumbering the sole asset of Cortez Plaza—the very same apartment house complex involved in the first Chapter 11 case. At the time this second Petition was filed, the apartment house complex was already in the possession and under the control of the receiver appointed by the Circuit Court in aid of the pending foreclosure action. According to the Schedules filed by Cortez Plaza in this second Chapter 11, the secured debts encumbering the Debtor's sole asset was close to $2,000,000, although some of the secured debts were scheduled as disputed by Cortez Plaza.

According to a Motion to Value Collateral filed by Cortez Plaza in this second Chapter 11, its sole asset had a value of $1,145,000.00 or far less that the aggregate amount of the debts encumbering the subject property. On January 7, 1985 Equity filed a motion and sought an order of abstention and a Motion to Dismiss the Chapter 11 case, contending that the Debtor had no reasonable prospect of achieving a confirmation of its Plan of Reorganization. The motions were heard in due course and on June 6, 1985 this Court entered an order and, having concluded that the Petition for Relief under Chapter 11 filed by Cortez Plaza was filed in bad faith, granted the motion and dismissed the second Chapter 11 case of Cortez Plaza.

Southern Communities, Inc. (Debtor), the debtor involved in the present Chapter 11 case, acquired the apartment house complex involved in the two previous Chapter 11 cases on August 21, 1985 from Cortez Plaza by quit claim deed. The deed was recorded on August 26, 1985 in the Public Records O.R. Book 1121P–1547 of Manatee County. On the following day, the Debtor filed its Petition for Relief under Chapter 11 in the Northern District of Illinois, Case # 85–B–11132. Barnett and Equity immediately filed a Motion to Transfer. On October 29, 1985 the Bankruptcy Court for the Middle District of Illinois granted the Motion to Transfer the Chapter 11 case and transferred the Chapter 11 case to this District.

On November 22, 1985 Barnett and Equity filed a Motion for Relief from the Automatic Stay or, in the alternative, for Adequate Protection. On the same date they also filed a Motion for Dismissal and Relief from the turnover provisions of § 543 of the Bankruptcy Code. Prior to the entry of the Order of Transfer, Barnett and Equity also filed an Application for Dismissal and Motion for Relief from § 543 of the Bankruptcy Code and Sanctions. Since the Motion to Transfer Venue was granted, the remaining motions of Barnett and Equity were not considered by the Bankruptcy Court in Illinois and they are before this Court on Renewed Motion.

The Renewed Motion seeks a dismissal of this Chapter 11 case on the ground that the petition of this Debtor was filed in bad faith, therefore, this Chapter 11 case should be dismissed. The Renewed Motion of Barnett and Equity was heard in due course and on December 31, 1985 this Court entered an order which modified the automatic stay and authorized Barnett and Equity to proceed with their foreclosure action up to the point of obtaining a final judgment of foreclosure but not to the point of scheduling a foreclosure sale without further order of this Court. The order also relieved the state court receiver of the duty to turnover possession of the apartment house complex to the Debtor which turnover otherwise would be mandated by § 543 of the Bankruptcy Code. The order reserved ruling on the Motion to Dismiss. This is the Motion under consideration.

Unlike § 1129(a)(3) of the Code which provides that a plan of reorganization cannot be confirmed unless it was proposed in good faith, § 1112(b) of the Bankruptcy Code does not specify "bad faith" as a specific ground for dismissal or conver-

sion. Nevertheless, it can no longer be gainsaid that bad faith of a Debtor filing a petition under this Chapter is "cause" which warrants a dismissal or conversion pursuant to § 1112(b) of the Bankruptcy Code. The legislative history of this Section leaves no doubt that the Court may consider other factors as they arise in addition to the specific grounds for dismissal or conversion set forth in the Section, and may use its equitable power to reach an appropriate result in any given case. H.R. Rep. No. 595, 95th Cong., 1st Sess. 406 (1977, 1978 U.S.Code Cong.Ad.News 5787, 6362. Courts now uniformly agree that "bad faith" justifies dismissal or conversion pursuant to § 1112(b). *In re Thirtieth Place, Inc.*, 10 BCD 1409, 30 B.R. 503 (BAP 9th Cir.1983); *In re Jack Hemp Associates*, 20 B.R. 412 (Bankr.S.D.N.Y.1982); *In re Victory Construction Co., Inc.*, 9 B.R. 549 (Bankr.C.D.Cal.1981); *In the Matter of Nancant*, 8 B.R. 1005, 1006 (Bankr.D. Mass.1981); *In re Eden Associates*, 13 B.R. 578 (Bankr.S.D.N.Y.1981); *In re Dutch Flat Investment Co.*, 6 B.R. 470, 471–72 (Bankr.N.D.Cal.1980).

■ While no single factor is determinative of the issue of lack of good faith of a debtor seeking relief under Chapter 11, the Court will consider all facets and circumstances of the case. In finding lack of good faith, courts have focused on the intention of the debtor and emphasized that intent to abuse the judicial process, i.e. repetitive filings and filing for purposes not intended by the provisions of the Chapter. This is especially true when it is evident at the outset that the Debtor is not a viable economic entity and has no realistic possibility of an effective reorganization and it is obvious that the petition was filed for the sole purpose to frustrate and to delay the legitimate efforts of secured creditors to enforce their rights. *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984).

Presence of the so-called "new-debtor syndrome" was equally found to evidence bad faith which warranted a dismissal for "cause" under § 1112(b). This involves a transfer of a single asset by an entity to another newly formed entity on the eve of filing the Chapter 11 petition by this new entity. *In re Beach Club*, 22 B.R. 597 (Bankr.N.D.Cal.1982); *In the Matter of Levinsky*, 23 B.R. 210 (Bankr.E.D.N.Y. 1982); *Matter of Herndon Executive Center, Inc.*, 36 B.R. 803 (Bankr.M.D.Fla.1984).

■ As noted earlier, this is a single asset case which is already involved in a foreclosure action; the specific property is in the possession and under the control of a state court receiver and operated by the receiver. Moreover, this is the third attempt to salvage and rehabilitate this very same real estate project. The first two failed for the simple reasons, first, because the petitions by Cortez Plaza have been found to have been filed in bad faith, and, second, because the project in question was found not to be an economically viable real estate project because it never generated sufficient cash flow needed even to service the mortgages encumbering the project, let alone to keep up and meet operating expenses of the project. One need not engage postulating to conclude that by some magic all of a sudden this frog will turn into a prince and will be ready to proceed toward a fruitful economic life. While these types of miracles may happen in fairy tales, they very seldom happen in the harsh and cruel atmosphere known to prevail between most debtors and mortgagees, especially when the subject property is already in foreclosure.

This Debtor was formed shortly before the acquisition of the subject property, admittedly, for the sole purpose of acquiring ownership of the subject property from a previous Chapter 11 debtor. As noted earlier, it acquired the property on August 21, 1981 by quit claim deed. The deed was recorded on August 26, 1985; the Chapter 11 petition was filed on August 27, 1985, or the day after the deed was recorded. Thus, one can hardly visualize a more clas-

sic picture of the "new debtor syndrome" than that which is involved in this case. The fact that this Debtor had no connection with its predecessor, Cortez Plaza, prior to the acquisition of the apartment house project is without significance and would not detract from the undeniable fact that Southern was formed for the sole purpose of filing a petition for relief in order to invoke the automatic stay imposed by § 362 and stalling the pending foreclosure. There can be hardly any doubt that had Cortez attempted to invoke the jurisdiction for the third time, its petition would have received a short shrift and would have been dismissed at once. There is no just reason why this third petition should not suffer the same fate just because it is filed by a new owner of this ill-fated real estate venture, a new owner who has never been and is not now engaged in any business; had no income in the past, has none now; did not have any business in the past; never did and does not now sell any goods nor furnish services; and its sole activity with the exception of seeking relief in this Court is the ownership of its sole asset—this apartment house project which is totally devoid of economic value capable of salvage.

Applying the legal principles to the undisputed facts of this case, especially considering the checkered history of the subject property—the sole asset involved in this Chapter 11 case, there is hardly any doubt that this case, just like the preceding cases, is ripe for dismissal for cause pursuant to § 1112(b) of the Bankruptcy Code simply because the petition was not filed in good faith.

Based on the foregoing, this Court is satisfied that the Motion to Dismiss by Barnett and Equity, joined by First Florida Bank, is well taken and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by Barnett and Equity, joined by First Florida Bank, be, and the same hereby, is granted.