**In the Matter of Julia Ann YOUNG, Debtor.**

**Bankruptcy No. 86–419.**

United States Bankruptcy Court, D. Delaware.

July 28, 1987.

John H. Benge, Jr., Wilmington, Del., for debtor.

Hugh M. Leonard, Newark, N.J., U.S. Trustee.

Eric M. Doroshow, Wilmington, Del., for Patricia Smith-Jones and William D. Jones.

## MEMORANDUM OPINION
## AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Two motions are before the court in the Chapter 11 bankruptcy case of Julia Young. The first is Young's motion to reject an executory contract entered into by her with William D. Jones and Patricia Smith-Jones (Joneses). The second is a motion by the Joneses to dismiss Young's Chapter 11 case.

The following facts are not disputed. Young entered into an agreement with the Joneses for the sale of real estate known as 416 West 21st Street, Wilmington, Delaware on April 3, 1980. Shortly following execution of the agreement, Young decided she did not want to sell the property and the Joneses brought an action for specific performance in the Court of Chancery on June 24, 1980. After substantial delays in serving Young and discovery, trial was held on February 25, 1985, after which the Chancery Court awarded specific performance and granted Sachs Realty its commission. The Delaware Supreme Court affirmed that decision on October 31, 1985 and subsequently denied Young's petition for reargument.

Young brought an action against the Joneses, their attorney, and Sachs Realty regarding this matter in U.S. District Court. That court's dismissal of the action was affirmed by the U.S. Court of Appeals.

Young refused to comply with the Chancery Court order. The Register in Chancery signed a deed transferring the property to the Joneses on September 4, 1986. On September 6, the law firm representing the Joneses sent a check to Young for the contract price less Sachs' commission and interest. Young disagreed with the withholding of interest and returned the check, but failed to participate in deliberations concerning the issue. Chancery Court awarded pre/post-judgment interest to Sachs on October 23, 1986. Young filed her Chapter 11 case on October 26.

In her motion, Young alleges that the real estate agreement entered into between her and the Joneses remains executory because the Joneses have failed to tender the full purchase price agreed to in the contract. Through testimony at the hearing on the motion and a post-trial memorandum, Young also argues that the transfer of title of the property at 416 West 21st

Street to the Joneses is invalid because the full purchase price has not been paid and the deed is defective. Thus, the contract is executory and rejection would benefit the bankruptcy estate.

Section 365 of title 11 United States Code, which governs treatment of executory contracts under the Code, does not define the term "executory contract". The legislative history of that section, however, states that the term "generally includes contracts on which performance remains due to some extent on both sides." H.R. Rep. No. 595, 95th Cong., 1st Sess., at 347 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6303. A generally accepted definition is one proposed by Professor Countryman which provides that

> [An executory contract is] a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.

Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.Rev. 439, 460 (1973).

■ In this case, the court finds that the real estate contract was not executory at the time Young filed her bankruptcy petition. The contract and deed have been fully executed with the approval of Chancery Court. Nothing remains to be completed by any of the parties and Young is entitled only to the purchase price less Sach's interest which is the amount previously tendered to her.

■ With regard to the second motion, section 1112(b) of the Code permits the court in its discretion to dismiss a Chapter 11 case on request of a party in interest, after notice and a hearing, for cause shown. The determination of whether cause has been shown must be made on a case-by-case basis, and cause is not limited to the enumerated grounds of § 1112(b). *In re Baumgartner*, 57 B.R. 513 (Bankr.N. D.Ohio 1986); 5 L. King, *Collier on Bankruptcy* ¶ 1112.03[d] at 1112–14 (15th ed. 1979).

The Jones' motion presents three bases for dismissal of Young's Chapter 11 case:

1. The debtor is unable to effectuate a plan;
2. The Chapter 11 proceeding was filed in bad faith; and
3. The matter was filed improperly as a Chapter 11 proceeding.

Although the court need only conclude that one of these allegations is supported by the facts in order to dismiss, it will address all three allegations seriatim.

■ Young's income is approximately $486 per month which she receives from social security. She resides at 1418 Marsh Road, Wilmington, Delaware, in a house owned by her and her daughter. Young currently needs and receives assistance from a friend and family members in paying her monthly mortgage obligation, utilities, and other expenses necessary to maintain the house.

Young testified that she currently could not afford to fund her proposed plan. She stated that she has no intention of selling the Marsh Road property, and that she would need either to sell the property at 416 West 21st Street and use the proceeds or convert the property to apartments and use the income in order to pay her creditors. It is clear therefore that without the property at 416 West 21st Street, Young is unable to effectuate her proposed plan and dismissal of this Chapter 11 case is warranted.

Even if Young could fund her plan, this Chapter 11 case would have to be dismissed since it clearly was filed in bad faith. Although the Code contains no specific requirement that a Chapter 11 petition must be filed in good faith, it is well established that good faith is an implied prerequisite to filing under Chapter 11. *See In re Winn*, 43 B.R. 25, 28 (Bankr.M.D.Fla.1984); *In re Baumgartner*, 57 B.R. 513, 515 (Bankr.N. D.Ohio 1986). In addition, the language and legislative history of § 1112(b) reflect that the court may consider factors other than those enumerated in the section such as the existence of bad faith when determining whether dismissal is appropriate. *In re Southern Communities*, 57 B.R. 215

(Bank.M.D.Fla.1986); 5 L. King, *Collier on Bankruptcy* ¶ 1112.03[d] at 1112–14 (15th ed. 1979).

■ Whether bad faith exists is a question of fact to be decided by the court after consideration of all the circumstances of a case. *In re Southern Communities,* 57 B.R. at 218; *In re Vincent J. Fasano, Inc.,* 55 B.R. 409, 418 (Bankr.N.D.N.Y.1985).

■ The facts in this case demonstrate that Young filed bankruptcy in order to avoid enforcement of the Chancery Court's specific performance decree and that court's decision regarding the withholding of interest. It is undisputed that as of the filing date of her petition, Young could not afford to fund her plan and had no realistic potential of successfully reorganizing without the property located at 416 West 21st Street. She had exhausted her state court remedies on the order for specific performance. She failed to participate in deliberations concerning the withholding of interest issue and upon receiving an unfavorable decision, she filed a bankruptcy case rather than seeking review in the state court system. This court cannot act as a reviewer of state court decisions nor permit relitigation of issues tried in the state courts. Young's motivation for invoking the protection afforded by Chapter 11 is inconsistent with the intended purposes and policies of Chapter 11 and cannot be tolerated. Consequently, a dismissal is warranted.

■ Joneses' contention that Chapter 11 is not available to Young because she is not a business enterprise and because she does not operate a business is incorrect. Section 109(d) defines who may be a debtor under Chapter 11 as:

> Only a person that may be a debtor under chapter 7 of this title, except a stockbroker or a commodity broker, and a railroad may be a debtor under Chapter 11 of this title.

The term "person" as used in this section includes an individual. 11 U.S.C. § 101(35).