**In the Matter of GEC INDUSTRIES, INC., f/k/a Gates Engineering Co., Inc., Debtor.**

**Bankruptcy No. 89–44.**

United States Bankruptcy Court, D. Delaware.

Nov. 22, 1989.

See also, Bkrtcy., 104 B.R. 653.

Douglas Smillie, Philadelphia, Pa., for debtor.

Kenneth F. Carobus, Philadelphia, Pa., for North American Philips Corp.

Douglas Canfield, Wilmington, Del., for Koger Properties, Inc.

William L. Witham, Jr., Dover, Del., for Carven Associates.

Steven N. Cousins, St. Louis, Mo., for St. Louis Community College.

Lawrence Freedman, Bethesda, Md., for Lake Park, Inc.

Leonard E. Collins, Jr., Law Dept. Hercules Inc., Wilmington, Del., for Hercules Inc.

Barbara James, UAW Legal Services Plan, Newark, Del., for Sybil and Lawrence W. Chantelois and Frank and Sharon Wiltfong.

Daniel Anker, Wilmington, Del., for Truth or Consequences School Dist.

Peter J. Walsh, Wilmington, Del., for Unsecured Creditors Committee.

Michael B. Joseph, Wilmington, Del., for Warranty Claimants Committee.

## BENCH DECISION WITH ORDER

HELEN S. BALICK, Bankruptcy Judge.

Section 365 of the Bankruptcy Code provides for the assumption or rejection of executory contracts. GEC Industries, formerly Gates Engineering Company, has moved to reject as executory contracts warranties it issued with respect to roofing products and systems sold and/or installed before its bankruptcy filing.

Gates contends rejection is necessary so that the amount of its pre-petition liabilities relating to claims arising from the issued warranties may be dealt with in any plan of reorganization asserting that liquidation is the alternative.

Gates' request has spawned 84 responses in opposition to its motion.

The initial question posed by the pleadings is whether warranties are "executory contracts". While that term is not defined in the Code, legislative history indicates that it includes contracts on which performance remains due to some extent on both sides. This language was quoted by the Supreme Court in the *Bildisco* case.[1] The Third Circuit Court of Appeals in the case of *Sharon Steel Corp. v. National Fuel Gas Distribution Corp.* quoted and applied the more specific Countryman definition, that is, a contract is executory under § 365 where the "obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." 872 F.2d 36, 39 (3d Cir.1989) (quoting Countryman, *Executory Contracts in Bankruptcy, Part I*, 57 Minn.L. Rev. 439, 460 (1973)). *See also In re Young*, 76 B.R. 376, 378 (Bankr.D.Del. 1987).

The warranties Gates seeks to reject were issued in connection with the sale of their products or systems. Under those warranties, Gates is contingently obligated for specific performance to correct any deficiencies that arise from its failure to have provided a quality and workmanlike roofing product as promised in its dealings with its customers. Even though warranty claimants must comply with certain conditions to claim under the warranties, this is not a situation where there are reciprocal obligations continuing into the future. All of the conditions relate directly to administrative matters involving payment for the roof installation and warranty and/or claim procedures established to protect Gates against fraudulent and bad faith warranty claims.

Despite Gates' characterization of the warranties being separate contracts for which a separate fee is charged, they are a part of a contract of sale for which Gates has been paid in full. *Cf. Pennsylvania Tire Co. v. Firestone (In re Pennsylvania Tire Co.)*, 26 B.R. 663, 674 (Bankr.N.D. Ohio 1982) ("liability for future warranty adjustments ... does not establish an executory contract within the meaning of Section 365"). The conditions imposed on the warranty holders are merely procedural prerequisites in making a successful claim.[2] The warranty obligations do not fit the Countryman definition. They are non-executory contracts. *See In re Shada Truck Leasing, Inc.*, 31 B.R. 97 (Bankr.D.Neb. 1983). *Contra In re Smith Jones, Inc.*, 26 B.R. 289 (Bankr.D.Minn.1982).

Thus, Gates' motion to reject the warranty obligations as executory contracts under § 365 of title 11 must be denied.

IT IS SO ORDERED.

---

**1.** *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 522, 104 S.Ct. 1188, 1194, 79 L.Ed.2d 482, 493 n. 6 (1984) (quoting H.R.Rep. No. 95–595, p. 347 (1977); S.Rep. No. 95–989, p. 58 (1978)).

**2.** The written warranties here are in lieu of all other warranties, express or implied, under the UCC or other applicable state law. Still, these are "written warranties" within the meaning of the Federal Warranty Act. 15 U.S.C. § 2301(6). The Act plainly contemplates limited duties and conditions to be imposed on the consumer for the purpose of orderly warranty claims administration subject to FTC regulations. 15 U.S.C. § 2304(b). Thus, this consumer protection law provides guidance that such express conditions, as in the warranties at bar, are ministerial in nature.