**In re Aimee TOTH, Debtor.**

**LaSalle Business Credit, Inc., Movant.**

**v.**

**Aimee Toth, Respondent.**

**Bankruptcy No. 01–23611–JKF.
Motion No. 01–3026.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Nov. 14, 2001.

Jeffery A. Deller, Pittsburgh, PA, for LaSalle Business Credit, Inc.

Robert O Lampl, Pittsburgh, PA, for Debtor.

## MEMORANDUM OPINION [1]

JUDITH K. FITZGERALD, Chief Judge.

The matter before the Court is the Motion of LaSalle Business Credit, Inc. ("LaSalle") for an Order Pursuant to 11 U.S.C. § 305(a)(1) and § 1112(b) to Dismiss Chapter 11 Case, alleging that the case was filed in bad faith. Specifically, LaSalle contends that the Debtor, an attorney, filed her bankruptcy petition as a litigation tactic to stall Debtor's only creditor, LaSalle, from liquidating its collateral. LaSalle is a secured creditor pursuant to a confessed judgment. LaSalle claims it is owed in excess of $1.623 million. LaSalle contends that this filing is nothing more than a two party dispute filed in bad faith. Further, LaSalle contends that Debtor has no assets to fund a chapter 11 plan nor a viable business to reorganize. Debtor's only alleged asset is a putative claim against LaSalle. For the following reasons, we find this chapter 11 was filed in bad faith and will enter an order dismissing the case.

**1.** The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

**2.** During the Debtor's chapter 7 case, Judge J. Craig Whitley disallowed the claim by Debtor's sister and allowed the claim by Debtor's mother. Debtor's mother's claim was discharged or paid.

### Facts

The material facts are not in dispute and are drawn from the Response and Joinder of LaSalle Business Credit, Inc., to the Motion for Relief from Automatic Stay ... Filed by ... Trustee for ... Estate of H.H. Rosinsky, Inc., Docket No. 17, and the exhibits thereto, unless otherwise noted. This is Debtor's second personal bankruptcy and the third related to her interests. Her only assets in this case are subject to her exemptions. On January 12, 1998, she filed a chapter 7 in the United States Bankruptcy Court for the Western District of North Carolina, where she received a discharge on May, 17, 2000.[2]

On September 3, 1999, while Debtor's bankruptcy was pending in North Carolina, Debtor issued a guarantee in connection with LaSalle's secured financing on the same day of Detyne, Inc.'s acquisition of all issued and outstanding stock of Covington Industries, Inc. ("Covington") and H.H. Rosinsky & Co., Inc. ("Rosinsky").[3] Pursuant to a Loan and Security Agreement between Detyne, Inc., Covington, Rosinsky, Game Winner, Inc., and Jessico Corporation, LaSalle delivered to Detyne, Inc. a note for a revolving loan based on eligible accounts and inventory and other factors, and three term loans, two for $500,000 and one for $1.35 million. The total credit facility as defined in the Agreement was $6,850,000. In exchange, LaSalle received a lien on virtually all of the assets of the five corporations. Additionally, Debtor agreed to personally guarantee the loans. Although Debtor

**3.** Debtor formed Detyne, Inc. and Detyne Inc. formed two wholly owned subsidiaries, Detyne Acquisition, Inc., and Detyne Acquisition II, for the sole purpose of acquiring the Rosinsky and Covington stock.

had recently filed a chapter 7 bankruptcy, counsel for LaSalle represented to this court at a hearing on the motion to dismiss that Debtor assured LaSalle she could guarantee the loan with marital assets she would receive upon the completion of her divorce proceedings. *See* Transcript of Hearing on motion to Dismiss, July 12, 2001, at 8–9, Docket No. 26.

On December 10, 1999, Debtor's creditors filed a chapter 7 involuntary bankruptcy petition against Rosinsky in the United States Bankruptcy Court for the Southern District of New York. Covington and Detyne, Inc. filed voluntary chapter 11s in the Middle District of Alabama. The Rosinsky case was converted to a chapter 11 and transferred to the United States Bankruptcy Court for the Middle District of Alabama as an affiliated case with Detyne, Inc. and Covington. After an orderly liquidation, the Rosinsky case was reconverted to chapter 7 on November 14, 2000.[4] Covington was unsuccessful in its effort to reorganize and its business operations ended in September, 2000. Covington was voluntarily dismissed. Because the Detyne case was essentially dormant, since Detyne merely held the stock of Rosinsky and Covington, it was also voluntarily dismissed. Before dismissal, the chapter 7 trustee in the Rosinsky case negotiated a settlement by which LaSalle and another entity would pay $500,000 to the Rosinsky bankruptcy estate in full satisfaction of all claims or causes of action which could have been asserted. The Debtor in the matter at bench appealed this order but failed to prosecute the appeal. In addition, in Debtor's North Carolina case, the court directed the chapter 7 trustee to pay surplus funds to LaSalle, finding that LaSalle had a perfected security interest which constituted a valid and enforceable lien senior to Debtor's interest in the surplus proceeds. Debtor appealed this order but failed to prosecute the appeal. All of the proceeds of the Rosinsky and Covington assets have been applied to LaSalle's claim, leaving a deficiency in the loan balance of over $1.6 million. Pursuant to her guarantee, Debtor is liable for all indebtedness still owed.

On January 10, 2001, Debtor filed a lender liability action against LaSalle and others in the Court of Common Pleas of Allegheny County. On January 24, 2001, pursuant to the loan and security agreement, LaSalle confessed judgment against Debtor for $1.6 million in Maryland. On April 5, 2001, Debtor filed this chapter 11 case, approximately 30 days after the confessed judgment was served.

■ The United States Bankruptcy Code governs the determination and dismissal of a bad faith filing. Section 305(a)(1) of the Bankruptcy Code authorizes this court "after notice and hearing, [to] dismiss a case under this title... if ... the interests of creditors and the debtor would be better served by such dismissal." Section 1112(b) of the Bankruptcy Code provides, in pertinent part, as follows:

> Except as provided in subsection (c) of this section, on the request of a party in interest or the United States trustee ... and after notice and a hearing, the court may convert a case under this chapter to a chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause....

■ Section 1112(b) permits dismissal of chapter 11 cases which abuse the bankruptcy reorganization process. *First Jersey National Bank v. Brown*, 127 B.R.

---

**4.** To date, virtually all of the assets of both bankruptcy estates have been liquidated and applied to LaSalle's claims pursuant to its loan agreement.

108, 112 (D.N.J.1991), *reversed on other grounds.* In addition to the causes expressed in § 1112(b) for dismissing a chapter 11 case, courts have included a good faith filing requirement. *In re SGL Carbon Corp.,* 200 F.3d 154, 162, n. 10 (3d Cir.1999)(good faith is a prerequisite to chapter 11 and debtor bears burden of proof once good faith is put at issue). *See also In re Business Information Co., Inc.,* 81 B.R. 382, 385 (Bankr.W.D.Pa. 1988)("The existence or lack of good faith is determined by an examination of all pertinent facts and circumstances"); *Matter of Young,* 76 B.R. 376 (Bankr.D.Del. 1987).

"Several courts have held that the filing of a bankruptcy petition as a litigation tactic, or to resolve what is essentially a two-party dispute, is an indication of a bad faith filing." *In re Business Information Co., Inc.,* 81 B.R. at 385. Prior to the filing of this chapter 11 case, Debtor filed bankruptcy under chapter 11, which was voluntarily converted to a chapter 7, in the United States Bankruptcy Court for the Western District of North Carolina, where she received a discharge on May 17, 2000. While Debtor did initially note her mother and sister as creditors, Debtor now concedes that LaSalle is her only creditor. *See* Status Report Regarding Amendment of Schedule F, Docket No. 27. It is now undisputed that this case is a two party dispute. Given the circumstances, this dispute is best litigated in another forum.

LaSalle also contends that Debtor's filing is in bad faith since Debtor has no assets to fund a reorganization plan and no business to reorganize. Debtor's sole asset for funding a plan is a lender liability action against LaSalle in Allegheny County. Although she is an attorney, she has not received income from employment since this bankruptcy was filed. She is supported by relatives. Thus, although post-petition wages are not property of the estate, Debtor has shown no ability to reorganize since she has no assets and no income with which to pay her only creditor. Debtor acknowledges that she is a wage earner with approximately $3,250 in assets, all of which she claims as exempt. Debtor is entitled to a salary as in-house counsel for a Pittsburgh construction company. However, the company has fallen upon hard times and, as the Debtor acknowledged at the § 341 meeting of creditors, has failed to issue Debtor a regular paycheck. Debtor's monthly expenses exceed or meet her income, leaving no source from which to fund a reorganization plan. Debtor's remaining asset is her pending claim against LaSalle in the Court of Common Pleas of Allegheny County.

▇ The fact that Debtor depends on litigation with LaSalle to fund a plan is not in and of itself cause for dismissal. *See Applied Safety, Inc.,* 200 B.R. 576, 586 (Bankr.E.D.Pa.1996)("As long as a lawsuit has a reasonable chance of success depending on it for funding is no more or less contingent than depending on sales projections or other more traditional indications of business success"). Likewise, that Debtor has no business to reorganize is also not grounds to dismiss the chapter 11. The plain language of the Bankruptcy Code allows debtors not engaged in business to be debtors under chapter 11. *Toibb v. Radloff,* 501 U.S. 157, 160, 111 S.Ct. 2197, 2199, 115 L.Ed.2d 145 (1991). However, this is nothing more than a two-party dispute over a secured debt. LaSalle's entitlement to payment has been established in three prior bankruptcy cases (Covington's, Rosinsky's, and Debtor's). Debtor has not established a need for reorganization. There is nothing about the situation that calls for the protection of the bankruptcy court. On facts such as these, the court finds that Debtor has not

met her burden of establishing good faith. Thus, there is "cause" warranting dismissal of the chapter 11 case pursuant to § 1112(b)(1) of the Bankruptcy Code. We do not need to determine whether this case is merely a delaying tactic by Debtor in an attempt to frustrate LaSalle's legitimate collection of its collateral. Debtor and LaSalle can iron out their differences in an appropriate forum.